FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNLIMITED HOLDINGS, INC. | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| BERTRAM YACHT, INC., FERETTI | ) |
| GROUP USA, INC., FERRETTI | ) |
| S.p.A., and CCP, INC., d/b/a | ) |
| COOK COMPOSITES POLYMERS, | ) |
|  | ) |
| Defendants. | ) |

Civil No. 2005-46

ATTORNEYS:

Lee J. Rohn, Esq.
St. Croix, U.S.V.I.
     *For the plaintiff,*

Gregory H. Hodges, Esq.
St. Thomas, U.S.V.I.
     *For the plaintiff,*

John H. Benham, Esq.
St. Thomas, U.S.V.I.
     *For the defendants, Bertram Yachts, Inc., Ferretti Group*
     *USA, Inc., and Ferretti S.p.A., Inc.,*

Karin A. Bentz, Esq.
St. Thomas, U.S.V.I.
     *For the defendant CPP, Inc., d/b/a/ Cook Composites*
     *Polymers.*

## MEMORANDUM OPINION

GÓMEZ, C.J.

     Before the Court is the motion of defendant Ferretti SpA

("Ferretti") to dismiss the second amended complaint of Unlimited

Holdings, Inc. ("Unlimited") for lack of personal jurisdiction.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 2

Alternatively, Ferretti moves to quash the service of process in this matter as insufficient.  Ferretti has also filed separate motions to strike the second amended complaint, and to dismiss the matter for insufficient service of process.  For the reasons stated below, the Court will grant Ferretti's motion to dismiss for lack of personal jurisdiction.

## I.   FACTS

Unlimited is a Virgin Islands corporation, with its principal place of business in the Virgin Islands.  Ferretti is an Italian corporation, with its principal place of business in Forli, Italy.

In 2001, Unlimited bought a new Bertram Model 510 Motor Yacht, Hull Identification No. BERN2927G102, (the "Yacht") for over $1,000,000 from Industrial Marine Services, Inc., a dealer authorized by Bertram to sell its products.  A gelcoat called ARMORCOTE 951WJ188 (the "Gelcoat") was used in the production of the Yacht.

In summer, 2002, Unlimited began to notice "lines, cracks, and changes in the color of the [G]elcoat throughout the entire vessel, as well as movement in the window areas." (Compl. at ¶ 16).

On March 22, 2005, Unlimited filed this action against Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 3

("Ferretti USA"), United States distributor for yachts

manufactured by the Italian yacht manufacturer, Ferretti S.p.A.

("Ferretti").   Both Bertram and Ferretti USA are wholly owned

subsidiaries of Ferretti.   "Ferretti manufactures all of its

yachts in the shipyards of Cattolica, Forli and San Giovanni in

Marignano, Italy.   Ferretti does not manufacture any Bertram

Yachts . . . ." (Cannatelli Aff. ¶ 5, July 14, 2007.)

After obtaining leave from the Court on September 8, 2006,

Unlimited filed an eight-count first amended complaint, which

joined CPP and Ferretti as defendants.   Counts One and Two allege

breaches of express and implied warranties against Bertram,

Ferretti, and Ferretti USA.   Count Three states that Bertram,

Ferretti, and Ferretti USA breached covenants of good faith and

fair dealing in the performance of their product support,

service, and warranty obligations.   In Count Four, Unlimited, as

a claimed third-party beneficiary, seeks damages against CPP for

breach of an express warranty CPP made to Bertram that the

Gelcoat met all applicable specifications and contained the

highest quality materials.   In Count Five, Unlimited, again as a

claimed third-party beneficiary, seeks damages from CPP for

breach of an implied warranty CPP made to Bertram that the

Gelcoat was of merchantable quality and safe for its intended

use.   Count Six asserts a breach of contract claim against

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 4

Bertram, Ferretti, and Ferretti USA.  Count Seven alleges a claim for negligence against CPP.  Count Eight claims abuse or misuse of process against Bertram, Ferretti, and Ferretti USA.

After filing its first amended complaint, Unlimited moved for the appointment of a special process server for Ferretti.  On June 21, 2007, the United States Magistrate Judge appointed a special process server "to effect service of process on the Defendant Ferretti SpA in Italy in accordance with the Hague Convention and international law." (Order, June 21, 2007.)

On August 7, 2007, the Magistrate Judge entered an order allowing Unlimited leave to file a second amended complaint (the "Complaint") to add as a defendant CAMM s.r.l. ("CAMM"), which Unlimited holds responsible for the application of the Gelcoat. The order also allotted to Unlimited a thirty-day period within which to further amend the proposed Complaint to meet the heightened pleading requirement for fraud claims under Federal Rule of Civil Procedure 9(b).[1]

Ferretti now moves to quash service of the Complaint, to strike the Complaint from the record, and to dismiss the matter for lack of personal jurisdiction.

---

[1]  Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . ." Fed. R. Civ. P. 9(b) (2007).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 5

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 12(b)(2)

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a *prima facie* showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 6

A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies.  Once the defense has  been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . .  [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)); *Patterson by Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir. 1990); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie* showing must be based upon evidence of specific facts set forth in the record ... [and] go beyond the pleadings and make affirmative proof") (internal quotations omitted); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict") (internal quotations omitted).

Generally, the Court follows a two-step analysis to determine if personal jurisdiction is proper: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 7

minimum contacts with the forum. *Unlimited Holdings, Inc. v.*

*Bertram Yacht, Inc.,* 48 V.I. 941, 944 (D.V.I. 2007); *see also*

*Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566

(D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 90

L.Ed. 95, 66 S.Ct. 154 (1945)).

> **1.   Long-Arm Statute**

Title 5, section 4903 of the Virgin Islands Code ("Section

4903," or the "long-arm statute") provides:

(a) A court may exercise personal jurisdiction over a
person, who acts directly or by an agent, as to a claim for
relief arising from the person[]

(1)   transacting any business in this territory;

(2)   contracting to supply services or things in this
territory;

(3)   causing tortious injury by an act or omission in
this territory;

(4)   causing tortious injury in this territory by an act
or omission outside this territory if he regularly
does or solicits business, or engages in any other
persistent course of conduct, or derives substantial
revenue from goods used or consumed or services
rendered, in this territory;

(5)   having an interest in, using, or possessing real
property in this territory; or

(6)   contracting to insure any person, property, or risk
located within this territory at the time of
contracting.

(7)   causing a woman to conceive a child, or conceiving
or giving birth to a child; or

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 8

(8)   abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5. § 4903(a)(1)-(2) (1997).  This Court has

interpreted the statute to apply as widely as constitutional

requirements permit. *See Urgent v. Tech. Assistance Bureau, Inc.*,

255 F. Supp. 2d 532, 534-36 (D.V.I. 2003) ("[T]he Virgin Islands'

Legislature likely intended the reach of the Virgin Islands'

long-arm statute to be coextensive with the exercise of personal

jurisdiction permitted by the due process clause."); *see also*

*Unlimited Holdings, Inc.,* 48 V.I. at 945 (noting the parallel

between the long-arm statute and the due process requirements of

the constitution).

### 2.   Due Process Requirements

Due process requires that a foreign defendant have minimum

contacts with the forum state in order for the Court to exercise

personal jurisdiction over that defendant. *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528

(1985).  Under this standard, "jurisdiction is proper if the

defendant has taken 'action . . . purposefully directed toward

the forum State.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361,

370 (3d Cir. 2002) (quoting *Asahi Metal Indus. Co., Ltd. v.*

*Super. Ct. of Cal.*, 480 U.S. 102, 112**,** 107 S.Ct. 1026, 94 L.Ed.2d

92 (1987).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 9

### III.   <u>ANALYSIS</u>

Because Ferretti has raised the issue, Unlimited bears the burden of establishing this Court's personal jurisdiction over Ferretti. *See Dayhoff,* 86 F.3d at 1302.

**A.   Personal Jurisdiction over Ferretti**

To state a *prima facie* case of personal jurisdiction over Ferretti, Unlimited must establish with reasonable particularity that Ferretti falls within the provisions of the Virgin Islands long-arm statute, and that the requirements of due process are satisfied. *See Unlimited Holdings, Inc.,* 48 V.I. at 945; *Fin. Trust Co.*, 268 F. Supp. 2d at 566.

Ferretti is not a resident of the Virgin Islands.  Neither Ferretti or any of its subsidiaries is authorized to do business in the territory.  Ferretti does not maintain any offices, post office boxes, or bank accounts in the Virgin Islands.  It has no distributors, agents, or officers in the territory.  Ferretti "does not directly advertise in, solicit business in, or make any direct sales of any of its yachts, or otherwise directly conduct any business in the Virgin Islands." (Cannatelli Aff. at ¶ 11.) Unlimited has not alleged that any of Ferretti's principals or agents have ever traveled to the Virgin Islands for business purposes.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 10

Rather, Unlimited contends that personal jurisdiction over Ferretti is proper under sections (a)(1) and (a)(2) of the long-arm statute ("Section(a)(1)" and "Section (a)(2)," respectively). Section (a)(1) applies to entities "transacting business" in the territory. *See* 5 V.I.C. § 4903(a)(1). "Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction. . . . [T]ransacting business requires a defendant to engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Co.,* 17 V.I. 457, 462-63 (D.V.I. 1980) *aff'd,* 657 F.2d 9 (3d Cir. 1981). To fall within Section(a)(2), "all that is required by a literal interpretation of the statutory language is that the contract be performed in the Virgin Islands and that the cause of action arise out of the contract." *Godfrey v. Int'l Moving Consultants, Inc.,* 18 V.I. 60, 68 (D.V.I. 1980).

Unlimited asserts that Ferretti transacted business in the Virgin Islands through Bertram. Specifically, it claims Bertram's website, which is accessible through Ferretti's website, creates sufficient internet contacts with the Virgin Islands to support this Court's personal jurisdiction over Ferretti.

In *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446 (3d. Cir. 2003), the United States Court of Appeals for the Third

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 11

Circuit outlined the standard for determining whether internet

contacts are a sufficient basis for asserting personal

jurisdiction over a defendant:

> [T]he mere operation of a commercially interactive website
> should not subject the operator to jurisdiction anywhere in
> the world.  Rather, there must be evidence that the
> defendant "purposefully availed" itself of conducting
> activity in the forum state by directly targeting its
> website to the state, knowingly interacting with residents
> of the forum state via its web site or through sufficient
> other related contacts.

*Id.* at 454; *see also ALS Scan v. Digital Serv. Consultants, Inc.*,

293 F.3d 707, 714 (4th Cir. 2002) ("[S]pecific jurisdiction in

the [i]nternet context may be based only on an out-of-state

person's [i]nternet activity directed at [a state] and causing

injury that gives rise to a potential claim cognizable in [that

state]"); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418

(9th Cir. 1997) (explaining that the exercise of personal

jurisdiction requires "something more" than internet advertising

"to indicate that the defendant purposefully (albeit

electronically) directed his activity in a substantial way to the

forum state"); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1264-

69 (6th Cir. 1996) (finding that personal jurisdiction was proper

based on the defendant's website); *Zippo Mfg. Co. v. Zippo Dot*

*Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("[T]he

exercise of jurisdiction is determined by examining the level of

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 12

interactivity and commercial nature of the exchange of

information that occurs on the [website]."").

"A defendant purposefully avails itself of the privilege of

acting in a state through its website if the website is

interactive to a degree that reveals specifically intended

interaction with residents of the state." *Neogen Corp. v. Neo Gen

Screening, Inc.,* 282 F.3d 883, 890 (6th Cir. 2002).

"[N]on-internet contacts such as serial business trips to the

forum state, telephone and fax communications directed to the

forum state, purchase contracts with forum state residents,

contracts that apply the law of the forum state, and

advertisements in local newspapers" may constitute evidence that

the defendant purposefully availed itself of conducting activity

in the forum state. *Toys "R" Us, Inc.,* 318 F.3d at 454.

The Complaint in this matter does not allege that Ferretti

ever transacted business, contracted to supply goods or services,

regularly solicited business, engaged in any other persistent

course of conduct, or derived substantial revenue from goods used

or services rendered in the Virgin Islands.  Rather, Unlimited

claims in its opposition to the instant motion that Virgin

Islands residents can request that a Bertram brochure be mailed

to them by typing their addresses into a form on the Bertram

website, which is accessible through a link on Ferretti's

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 13

website.  That potential internet contact, Unlimited contends, is sufficient to justify this Court's personal jurisdiction over Ferretti.  However, Unlimited has offered absolutely no legally competent evidence in support of that contention.  Nor has Unlimited submitted any affidavits or other evidence to support a finding of personal jurisdiction over Ferretti based on non-internet contacts.  Unlimited has not shown that Ferretti purposefully availed itself of doing business with the Virgin Islands, through the internet or any other means.

Accordingly, Unlimited has failed to establish this Court's personal jurisdiction over Ferretti. *See, e.g., Toys "R" Us, Inc.* 318 F.3d at 454 (holding that the defendant's website was insufficient to show purposeful availment because, "while commercial and interactive, [did] not appear to have been designed or intended to reach customers in [the forum state]"); *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 886 (3d Cir. 1981) (holding that the district court lacked personal jurisdiction over the defendant companies because "[t]he record discloses no evidence that these companies deliberately availed themselves of the privilege of doing business within the state, or indeed that they had any contacts that would justify a reasonable expectation of being haled into court there."); *Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 585-68 (D.V.I.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 14

2000) (granting the defendant's motion to dismiss for lack of

personal jurisdiction because the complaint did not allege "that

any of [the defendant's] conduct, about which Plaintiff

complains, took place in the territory or had any territorial

connection," nor did the plaintiffs present any evidence to

support personal jurisdiction); *Cybersell, Inc.*, 130 F.3d at 419-

20 ("declining to find personal jurisdiction where, *inter alia,*

the defendant "did nothing to encourage people in Arizona to

access its site").[2]

**B.    Alter-Ego Theory**

Unlimited also claims that Ferretti is the alter-ego of

Bertram, and that Ferretti is subject to personal jurisdiction in

the Virgin Islands by virtue of its alter-ego relationship with

---

[2]   Ordinarily, once a plaintiff has established jurisdiction
over the defendant under the Virgin Islands long-arm statute, she
must also establish that jurisdiction conforms with the due
process requirements of the Constitution.  Due process requires
that a non-resident defendant have minimum contacts with the
forum. *Burger King Corp.*, 471 U.S. at 474.  Additionally,
"subjecting the defendant to the court's jurisdiction [must]
comport[] with 'traditional notions of fair play and substantial
justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d
Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316).  In determining
the sufficiency of the defendant's minimum contacts with the
forum, "jurisdiction is proper if the defendant has taken 'action
. . . purposefully directed toward the forum State.'" *Pinker v.
Roche Holdings, Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002) (citation
omitted).  Because Unlimited has failed to establish personal
jurisdiction under the Virgin Islands long-arm statute, the Court
need not engage in the due process analysis.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 15

Bertram.  Although Unlimited has failed to demonstrate that
Ferretti itself has sufficient contacts with the Virgin Islands
to satisfy the purposeful availment requirement, personal
jurisdiction may nonetheless be appropriate if Unlimited can
prove that an alter-ego relationship exists between Ferretti and
Bertram. *See Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F.
Supp. 2d 523, 531 (E.D. Pa. 2005) ("Where . . . a corporation has
insufficient contacts with the forum state to satisfy due
process, a court may nonetheless exercise personal jurisdiction
if the individual or corporation is an alter ego . . . of a
corporation that would be subject to personal jurisdiction . . .
.").

However, "a foreign corporation is not subject to the
jurisdiction of the forum state merely because of its ownership
of the shares of stock of a subsidiary doing business in that
state." *Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800,
805-06 (3d Cir.1981) *abrogated on other grounds by EF Operating
Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1049 (3d Cir. 1993)); *see
also Cannon Mfg. Co. v. Cudahy Co.*, 267 U.S. 333, 45 S.Ct. 250,
69 L.Ed. 634 (1925) ("[The] use of a subsidiary does not
necessarily subject the parent corporation to [personal]
jurisdiction."). "The activities of a parent company are imputed
to the subsidiary only if the subsidiary is the parent's agent or

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 16

alter ego so that the 'independence of the separate corporate

entities was disregarded.'" *Fisher v. Teva PFC SRL*, 212 Fed.

Appx. 72, 76 (3d Cir. 2006) (quoting *Lucas*, 666 F.2d at 806).

"[F]actors which may have a bearing on the jurisdictional

issue are whether the subsidiary corporation played any part in

the transactions at issue, whether the subsidiary was merely the

alter ego or agent of the parent, and whether the independence of

the separate corporate entities was disregarded." *Lucas,* 666 F.2d

at 806; *Davlyn Mfg. Co*., 414 F. Supp. 2d at 531.  Also relevant

to the general determination of whether one entity is the alter-

ego of another are:

> gross undercapitalization, failure to observe corporate
> formalities, nonpayment of dividends, insolvency of debtor
> corporation, siphoning of funds from the debtor corporation
> by the dominant stockholder, nonfunctioning of officers and
> directors, absence of corporate records, and whether the
> corporation is merely a facade for the operations of the
> dominant stockholder

*Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-85 (3d Cir.

2001).

> A plaintiff can also show that a subsidiary is the alter ego
> of a parent corporation, such that imputing jurisdictional
> contacts is appropriate, by demonstrating that the degree of
> control exercised by the parent is greater than normally
> associated with common ownership and directorship and that
> the parent controls the day-to-day operations of the
> subsidiary such that the subsidiary can be said to be a mere
> department of the parent.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 17

*Action Mfg. Co., Inc. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005) (quotations omitted)*; see also Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) ("An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations").

Here, the Complaint states that "Unlimited purchased from Industrial & Marine Services, Inc., a dealer authorized by Bertram and Ferretti USA to sell its products in . . . the United States Virgin Islands, a new 2001 Bertram model 510 Motor Yacht . . . ." (Second Am. Compl. at ¶ 12, Nov. 16, 2007.)  It also asserts that "Bertram yachts are marketed and sold throughout the United States and its territories, and the Caribbean." (*Id.* at ¶ 8.)  Additionally, the Complaint alleges that a parent-subsidiary relationship exists between Ferretti and Bertram.  Indeed, Ferretti admits that it owns 100% of Bertram Holdings, Incorporated, which in turn owns 100% of Bertram Yacht, Incorporated.  However, Ferretti's ownership of Bertram, without more, is insufficient to establish this Court's personal jurisdiction over Ferretti. *See Lucas,* 666 F.2d at 306; *Davlyn Mfg. Co.,* 414 F. Supp. 2d at 531.  Unlimited has presented no evidence or allegations to show that Ferretti exercises a greater degree of control over Bertram than is normally associated a parent-subsidiary relationship.  Nor has it alleged or shown that

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 18

Ferretti directly or indirectly controls any of Bertram's daily operations.

On the other hand, Ferretti has provided evidence that "Bertram and Ferretti are entirely separate entities." (Unlimited Interrog. to Bertram, Resp. No. 3.)  Ferretti has also shown that Bertram "has always created and implemented its own warranty policies and procedures independent of . . . Ferretti . . . ." (*Id.*)  "Bertram is an independent and autonomous entity with respect to the establishment and implementation of its warranty policies and procedures.  No discussions, meetings, conferences or correspondence exist or took place between Bertram and Ferretti . . . regarding warranty service policies and procedures as they pertain to yachts manufactured by Bertram." (*Id.*)

Based on the evidence in the record, the Court is unpersuaded that any contacts Bertram has with the Virgin Islands should be imputed to Ferretti for purposes of personal jurisdiction.  Unlimited has failed to show why the general rule of no parent-subsidiary jurisdiction is inapplicable in this case.

Accordingly, the Court will not exercise personal jurisdiction over Ferretti based on an alter-ego theory of jurisdiction. *See, e.g., Cannon Mfg. Co.*, 267 U.S. 333 (refusing to find personal jurisdiction over a parent company even though

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 19

the subsidiary marketed the parent's products in the forum state,

the parent owned all of the subsidiary's stock and exercised

complete commercial and financial control over the subsidiary);

*Fisher*, 212 Fed. Appx. at 76 (holding that the "evidence . . . .

[was] insufficient to find that [the parent] and the [subsidiary]

lack independence"); *Dutoit v. Strategic Minerals Corp*., 735 F.

Supp. 169, 171 (E.D. Pa. 1990) (refusing to find an alter-ego

relationship because the "plaintiffs have not shown that

corporate formalities have been disregarded in any significant

way" or that the subsidiary acted as the parent's agent in the

forum state), *aff'd*, 922 F.2d 830 (3d Cir. 1990); *Action Mfg.*

*Co., Inc.*, 375 F. Supp. 2d at 420 (holding that the

jurisdictional contacts of a wholly-owned subsidiary could not be

imputed to its parent because the facts alleged did not show that

the parent's supervision over the subsidiary's management

exceeded that normally associated with parent-subsidiary

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 20

relationships, and that holding company and subsidiary observed

corporate formalities and respected their independent forms).[3]

### IV.  CONCLUSION

For the foregoing reasons, Unlimited has failed to establish

that this Court has personal jurisdiction over Ferretti.  The

Court will grant Ferretti's motion to dismiss for lack of

personal jurisdiction.  Ferretti's motions to quash, to strike

the second amended complaint, and to dismiss for insufficient

service of process will be denied as moot.  An appropriate Order

follows.

S\_____
                **Curtis V. Gómez**
                **Chief Judge**

---

[3]  Unlimited contends that it should be entitled to conduct
jurisdictional discovery to establish the extent of Ferretti's
contacts with the Virgin Islands, as well as the degree of
control Ferretti exercises over Bertram.  However, Unlimited has
already had ample time to conduct such discovery, as Ferretti has
been a defendant in this matter for over two and a half years.
Moreover, since Unlimited has failed to make a *prima facie*
showing of personal jurisdiction over Ferretti, it is not
entitled to jurisdictional discovery. *See Sathianathan v. Pacific
Exchange, Inc.*, 248 Fed. Appx. 345, 347 (3d Cir. Sept. 14, 2007).

**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

```
                                )
UNLIMITED HOLDINGS, INC.        )
                                )
             Plaintiff,         )
                                )    Civil No. 2005-46
v.                              )
                                )
BERTRAM YACHT, INC., FERETTI    )
GROUP USA, INC., FERRETTI       )
S.p.A., and CCP, INC., d/b/a    )
COOK COMPOSITES POLYMERS,       )
                                )
             Defendants.        )
_____  )
```

**ATTORNEYS:**

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff,*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**John H. Benham, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants, Bertram Yachts, Inc., Ferretti Group*
    *USA, Inc., and Ferretti S.p.A., Inc.,*

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant CPP, Inc., d/b/a/ Cook Composites*
    *Polymers.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Ferretti SpA
("Ferretti") to dismiss the second amended complaint of Unlimited
Holdings, Inc. ("Unlimited") for lack of personal jurisdiction.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 2

Alternatively, Ferretti moves to quash the service of process in this matter as insufficient.  Ferretti has also filed separate motions to strike the second amended complaint, and to dismiss the matter for insufficient service of process.  For the reasons stated in the accompanying Memorandum opinion of even date, it is hereby

   **ORDERED** that Ferretti's motion to dismiss for lack of personal jurisdiction is **GRANTED**; it is further

   **ORDERED** that Unlimited's claims against Ferretti in the above-captioned matter are **DISMISSED**; and it is further

   **ORDERED** that Ferretti's motions to quash, to strike the second amended complaint, and to dismiss for insufficient service of process are **DENIED** as moot.


                                   S_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**