**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                   )
UNLIMITED HOLDINGS, INC.           )
                                   )
            Plaintiff,             )
                                   )    Civil No. 2005-46
v.                                 )
                                   )
BERTRAM YACHT, INC., FERETTI       )
GROUP USA, INC., FERRETTI          )
S.p.A., and CCP, INC., d/b/a       )
COOK COMPOSITES POLYMERS,          )
                                   )
            Defendants.            )
_____ )
```

**ATTORNEYS:**

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff,*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**John H. Benham, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants, Bertram Yachts, Inc., Ferretti Group*
    *USA, Inc., and Ferretti S.p.A., Inc.,*

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant CPP, Inc., d/b/a/ Cook Composites*
    *Polymers.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of defendants Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc. ("Ferretti USA")

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 2

(together, the "Defendants") to strike Counts Five and Eight of the second amended complaint of Unlimited Holdings, Inc. ("Unlimited").

## I.  FACTS

On March 22, 2005, Unlimited commenced this action against Bertram and Ferretti USA, the United States distributor for yachts manufactured by an Italian yacht manufacturer. The action stems from an allegedly defective gelcoat used in the production of a yacht (the "vessel") purchased by Unlimited. After obtaining leave from the Court on September 8, 2006, Unlimited filed an eight-count first amended complaint against the Defendants.

On August 8, 2007, the United States Magistrate Judge entered an order granting Unlimited leave to file a second amended complaint to add as a defendant CAMM s.r.l. ("CAMM"), the entity Unlimited holds responsible for the application of the gelcoat. The order also allotted to Unlimited a thirty-day period within which to further amend the proposed second amended complaint to meet the heightened pleading requirement for fraud claims under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Finally, the order stated that "the plaintiff's motion to join attorneys Robert Allen, and R. Thomas Farrar is DENIED, as the cause of action asserted against them is unrelated to the

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 3

plaintiffs claim for improper formulation and application of the gelcoat and may more appropriately be left to another forum." (Order 1, Aug. 8, 2007.)

On November 16, 2007, Unlimited filed a thirteen-count Second Amended Complaint. Among other claims, the Second Amended Complaint includes claims against Bertram and Ferretti USA for fraud, injurious falsehoods, and deceit, as well as for abuse and misuse of process. Specifically, Count Five alleges fraud, injurious falsehoods, and deceit against the Defendants. Count Eight alleges abuse or misuse of process against the Defendants, as well as attorneys Allen and Farrar.

The Defendants now move to strike Counts Five and Eight of the Complaint.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . . on motion made by a party . . . before responding to the pleading . . . ." Fed. R. Civ. P. 12(f). The Defendants argue that Counts Five and Eight of the Complaint should be stricken for failure to comply with the August 8, 2007, order.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 4

**A.   Count Five**

The Defendants argue that Count Five of the Second Amended Complaint is deficient because it fails to comply with Rule 9(b).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . ." Fed. R. Civ. P. 9(b) (2007).  As this Court has explained,

> [t]he reference to circumstances is to matters such as time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. . . . [N]aked assertions of false and misleading acts – however egregious their impact is said to be-do not comport with the requirements of Rule 9(b).

*Tradewinds Inc. v. Citibank, N.A.*, 20 V.I. 152, 160 (D.V.I. 1983) (internal quotations and citations omitted).  Thus, the requirements of Rule 9(b) "may be satisfied if the complaint describes the circumstances of the alleged fraud with 'precise allegations of date, time, or place' or by using some means of 'injecting precision and some measure of substantiation into their allegations of fraud.'" *Bd. of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 172 n. 10 (3d Cir. 2002) (quoting *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999)); *see also Rolo v. City Inv. Co. Liquidating Trust*, 155 F.3d 644, 658-59 (3d Cir. 1998) (noting that allegations of fraud must state "who misrepresented and concealed the information, when and

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 5

how"). Allegations of misrepresentation must also describe why or how the representations were false when they were made. *See Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 569-70 (D.V.I. 2004) (holding that an allegation of fraud that included a specific date on which a company sent out letters containing information it allegedly knew was false at the time of the mailing was sufficiently specific to satisfy Rule 9(b)).

Here, Count Five states that the Defendants made false statements regarding the maintenance, and construction of the vessel and the gelcoat, which they knew or should have known were untrue. It also alleges that the Defendants represented that they intended to have certain work paid for or completed, but they in fact had no such intention. Count Five further avers that the fraudulent conduct was "encompassed in emails, correspondence, and other documents sent or provided to Plaintiff . . . ." (Second Am. Compl. 14 ¶ 58, Nov. 16, 2007.) It alleges that the misrepresentations were material, that the Defendants intended for Unlimited to rely on the misrepresentations, that Unlimited did reasonably rely on the misrepresentations, and suffered damages as a result.

However, the allegations in Count Five do not include dates or any other indication as to when, specifically, the alleged representations occurred. Unlimited gives the Defendants no

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 6

information about the context in which the statements were made, other than the reference in Count Five to the fact that some of the misrepresentations were contained in emails or other correspondence. The Complaint also fails to indicate the identity of the persons making any of the alleged misrepresentations with any specificity. It merely states that the misrepresentations were made by the "Bertram/Ferretti Defendants" generally, without specifying which defendant made them or attributing them to particular individuals at Bertram or Ferretti USA. Furthermore, the Complaint provides no details to notify the Defendants to whom the statements were made or where the statements were made.

Accordingly, the Complaint fails to comply with the particularity requirements of Rule 9(b). *See, e.g., Lum v. Bank of America,* 361 F.3d 217, 225 (3d Cir. 2004) (holding that the allegations in the complaint "d[id] not satisfy Rule 9(b) because they d[id] not indicate the date, time, or place of the alleged misrepresentations . . . or who made the misrepresentation to whom."); *Klein v. General Nutrition Co., Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) ("The complainant fails to attribute the statement to any specific member of GNC management. Fed.R.Civ.P. 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.").

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 7

**B.   Count Eight**

The Defendants assert that the Court should strike Count Eight in its entirety.  They claim that the inclusion of Count Eight in the Complaint was in direct contravention of the August 8, 2007, order.  Indeed, the August 8, 2007, order, expressly denied Unlimited's request for leave to join attorneys Allen and Farrar as defendants.  To the extent Count Eight alleges a cause of action against attorneys Allen or Farrar, it is directly contradictory to the terms of the August 8, 2007, order.

On the other hand, the August 8, 2007, order in no way precluded Unlimited from amending its complaint to include abuse or misuse of process claims against Bertram or Ferretti USA.  The Second Amended Complaint does not contravene the August 8, 2007, order insofar as it alleges abuse or misuse of process claims against the Defendants.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' motion is **GRANTED** in part and **DENIED** in part**;** it is further

**ORDERED** that Count Five of the Second Amended Complaint is **DISMISSED**; and it is further

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 8

**ORDERED** that the abuse or misuse of process claims against attorneys Allen and Farrar contained in Count Eight of the Second Amended Complaint are **STRICKEN** from the record in this matter.

　　　　　　　　　　　　　　　　　　S_____
　　　　　　　　　　　　　　　　　　　　Curtis V. Gómez
　　　　　　　　　　　　　　　　　　　　　Chief Judge