FOR PUBLICATION


IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN


```
                              )
UNLIMITED HOLDINGS, INC.      )
                              )
             Plaintiff,       )
                              )        Civil No. 2005-46
                              )
v.                            )
                              )
BERTRAM YACHT, INC., FERETTI  )
GROUP USA, INC., and CCP,     )
INC., d/b/a COOK COMPOSITES   )
POLYMERS,                     )
                              )
             Defendants.      )
_____)
```


ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff,*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**John H. Benham, Esq.**
St. Thomas, U.S.V.I.
    *For defendants, Bertram Yachts, Inc., Ferretti Group USA,*
    *Inc., and Ferretti S.p.A., Inc.,*

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For defendant CPP, Inc., d/b/a/ Cook Composites Polymers.*

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Defendants Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc. ("Ferretti USA") (together, the "Defendants") have filed objections to the Magistrate Judge's October 1, 2008, Order denying their motions for sanctions and for a protective order and granting the motion of the plaintiff Unlimited Holdings, Inc. ("Unlimited") to extend certain discovery deadlines. For the reasons stated below, the Court will vacate the October 1, 2008, Order.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court has recited the facts of this matter in other rulings and therefore recites only those facts that are necessary to resolve these objections.

On June 26, 2008, the Court issued a Scheduling Order in which it required fact discovery to be completed no later than August 18, 2008 and expert witness depositions to take place no later than October 1, 2008. The Court also scheduled the trial of this matter for December, 2008.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 3

On July 11, 2008, the Defendants noticed a Rule 30(b)(6)[1] deposition of a designated representative of Unlimited for August 15, 2008.

On August 14, 2008, Unlimited filed a motion to modify the Scheduling Order by extending the deadlines therein.  Also on August 14, 2008, Unlimited filed a motion for a protective order, seeking relief from the deposition noticed for August 15, 2008. The Defendants filed an opposition to that motion.

On August 26, 2008, the Defendants moved the Court to impose sanctions on Unlimited for Unlimited's alleged failure to comply with the Scheduling Order by not attending the August 15, 2008, deposition.  In their motion, the Defendants asserted that dismissal of Unlimited's claims was the appropriate sanction.

---

[1]  Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. . . .

Fed. R. Civ. P. 30(b)(6).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 4

Unlimited filed an opposition to the motion for sanctions, explaining that the expectations of the Scheduling Order are untenable and that the Defendants knew that Unlimited could not attend the August 15, 2008, deposition.

On September 4, 2008, the Magistrate Judge entered an Order, finding Unlimited's motion for a protective order moot. The next day, the Magistrate Judge vacated that Order and ordered that the deposition of Unlimited's representative would take place on September 20 or 21, 2008. On September 16, 2008, the Defendants noticed Unlimited's deposition for September 21, 2008.

On September 17, 2008, Unlimited filed a notice that it planned to take the depositions of Bertram and Ferretti for October 4, 2008 and October 3, 2008.

On September 24, 2008, the Magistrate Judge held a status conference with the parties and entered a Minute Order, indicating that the deposition of Unlimited's representative had been completed.

On September 26, 2008, the Defendants moved for a protective order with respect to the depositions noticed for October 3 and 4, 2008. The Defendants asserted that those dates exceeded the August 18, 2008, fact discovery deadline set forth in the Scheduling Order and that the deposition notices covered topics that exceeded the permissible scope of discovery.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 5

On October 1, 2008, the Magistrate Judge entered an Order containing various rulings.  That Order granted Unlimited's August 14, 2008, motion for an extension of time and allowed fact discovery and expert witness depositions to be completed no later than October 10, 2008.  The Order further denied the Defendants' motions for sanctions insofar as that motion sought dismissal but allowed the Defendants reimbursement for reasonable attorneys' fees and costs incurred in connection with the deposition noticed for August 15, 2008, upon proper application.  The Order also denied the motion for a protective order and required the October 3, and 4, 2008, depositions to proceed, but granted the motion with respect to certain topics the Magistrate Judge considered privileged or otherwise not subject to discovery.

On October 2, 2008, the Defendants filed objections to the Magistrate Judge's October 1, 2008, Order.  The Magistrate Judge stayed his Order pending the outcome of these objections.

## II. <u>DISCUSSION</u>

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to the order within 10 days after being served with a copy." Fed. R. Civ. P. 72(a); *see also* L.R.Ci. 72.2(b)(3)(A) (1993).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 6

### III. <u>ANALYSIS</u>

The Defendants challenge three portions of the Magistrate

Judge's Order.

**A.   Sanctions**

First, the Defendants object to the portion of the October

1, 2008, Order that relates to the denial of the Defendants'

motion for sanctions.[2]  They contend that the motion for

sanctions constituted a dispositive motion, over which the

Magistrate Judge had no jurisdiction.  The Defendants also assert

that, in considering the propriety of the sanction, the

Magistrate Judge failed to consider the factors articulated by

the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*,

747 F.2d 863 (3d Cir. 1984).[3]

The Defendants' "Motion for Sanctions" sought relief pursuant

to Federal Rule of Civil Procedure 16(f), which governs sanctions

---

[2]   The Defendants do not challenge the portion of the
October 1, 2008, Order that granted their motion and ordered
Unlimited to reimburse the Defendants for reasonable attorneys'
fees incurred in connection with the scheduled August 15, 2008,
deposition, upon appropriate application.

[3]   The Defendants' contention that the Magistrate Judge
erred because he did not consider the factors set forth in *Poulis
v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) is
without merit.  Those factors are meant to guide an appellate
court "to determine whether the trial court has abused its
discretion in dismissing, or refusing to lift a default . . . ."
*Id.* at 868.  *Poulis* cannot be read to require a district court to
consider those factors when *denying* a motion to dismiss.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 7

for discovery violations.  Specifically, the Defendants requested
that the Court dismiss all of Unlimited's claims against them as a
sanction for the alleged discovery violation.

     A magistrate judge may hear and determine most
nondispositive matters pending before the court.  *See* 28 U.S.C. §
636(b)(1)(A)[4]; Fed. R. Civ. P. 72(a); LRCi 72.1.  For dispositive
pretrial and post-trial matters, "the magistrate is authorized
only to hold an evidentiary hearing on the matter, . . . propose
. . . findings of fact and to recommend a disposition of the
matter[,] . . . subject to *de novo* review by the district court."
*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853,
854-55 (5th Cir. 1991) (referring to the dispositive matters
described in Section 636(b)(1)(B)).  Additionally, "if the

---

     [4]  The relevant portion of the statute provides:

          Notwithstanding any provision of law to the
          contrary -- (A) a judge may designate a magistrate
          to hear and determine any pretrial matter pending
          before the court, except a motion for injunctive
          relief, for judgment on the pleadings, for summary
          judgment, . . . to dismiss or to permit
          maintenance of a class action, to dismiss for
          failure to state a claim upon which relief can be
          granted, and to involuntarily dismiss an action.
          A judge of the court may reconsider any pretrial
          matter under this subparagraph (A) where it has
          been shown that the magistrate's order is clearly
          erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 8

parties consent, under [Section] 636(c) a magistrate may conduct any and all proceedings in any civil matter referred to it by the district court, including trial, and enter judgment for the court." *Id.*

Absent consent by all parties, dispositive matters may only be resolved by a district judge. *See* 28 U.S.C. § 636(c)(1); *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 n.2 (3d Cir. 1992) (explaining that a magistrate judge may not resolve dispositive matters unless all parties to the litigation consent). A dismissal of a plaintiff's claims under any rule or doctrine -- including as a sanction for violation of a scheduling order -- is essentially a ruling on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A) (explaining that a motion "to involuntarily dismiss an action" is a dispositive matter, upon which a magistrate judge lacks the authority to rule); *see also In re U.S. West, Inc. Securities Litigation,* 65 Fed. Appx. 856, 860 (3d Cir. May 30, 2003) (unpublished) ("A motion to dismiss is a dispositive motion . . . .").

The record in this case reveals no evidence of the parties' written consent to the Magistrate Judge's authority to rule on a document captioned as a motion for sanctions, but which functioned as a motion to dismiss. Nor does the record reflect a referral of that motion for sanctions by the District Judge to

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 9

the Magistrate Judge.[5]   The Magistrate Judge therefore lacked
jurisdiction to rule on the Defendants' motion for sanctions.
*See, e.g., Aldrich v. Bowen*, 130 F.3d 1364, 1365 (9th Cir. 1997)
("The Magistrate Judge had no jurisdiction to hear the case
because the record contains no written consent of the parties as
required by 28 U.S.C. § 636 (c) (1) and Fed. R. Civ. P. 73
(b)."); *Parks By and Through Parks v. Collins,* 761 F.2d 1101,
1106 (5th Cir 1985) ("[T]he magistrate did not have authority . .
. to grant [dispositive relief] for two reasons.  First, . . . is
the lack of any order of reference from the district judge. . . .
Second, . . . we find no indication that the parties to the
garnishment action consented to have the magistrate rule on the
60(b) motions.").

        Accordingly, the Court will vacate the portion of the
October 1, 2008, order denying the Defendants' motion to dismiss
Because the Defendants' motion is therefore effectively revived,
the Court will conduct a *de novo* review of that motion. *See First
Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir.
2000) (holding that, because all parties failed to consent to the
magistrate judge's authority to enter a dispositive order, the

---

        [5]   Indeed, even if there was a referral by the district
judge, the record does not reflect the acceptance of a report and
recommendation on the motion to set aside.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 10

district court was required to conduct a *de novo* review of the

determination of the basis for such order); *Collins,* 761 F.2d at

1107 ("Should the district court conclude no such authority

existed, it would then be proper for it to vacate the

magistrate's order and proceed to decide the motions anew.").

A party may move the Court to impose sanctions for

violations of pretrial scheduling orders, pursuant to Rule 16(f):

> On motion or on its own, the court may issue any
> just orders, including those authorized by Rule
> 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A) fails to appear at a scheduling or other
> > pretrial conference;
> >
> > (B) is substantially unprepared to
> > participate--or does not participate in good
> > faith--in the conference; or
> >
> > (C) fails to obey a scheduling or other
> > pretrial order.

Fed. R. Civ. P. 16(f)(1). "Although a finding of bad faith is

generally required for a court to impose sanctions pursuant to

its inherent authority, no express requirement of intent or

negligence exists in the language of Rule 16(f)." *Tracinda Corp.*

*v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

Courts may impose a wide range of sanctions under Rule

16(f), including, "dismissing the action or proceeding in whole

or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  Indeed, the United

States Court of Appeals for the Third Circuit has recognized "the

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 11

very broad discretion which district courts have to use sanctions

where necessary to ensure compliance with pretrial orders

. . . ." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242

(3d Cir. 2007) (quotation omitted); *see also Tower Ventures, Inc.*

*v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("This

flexibility is necessary because the circumstances attendant to

noncompliance are apt to differ widely.  In the last analysis,

then, the choice of an appropriate sanction must be handled on a

case-by-case basis.").

    The sanction of dismissal with prejudice, as the Defendants

have requested, "is only appropriate in limited circumstances and

doubts should be resolved in favor of reaching a decision on the

merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir.

2002) (noting this principle in the context of a dismissal under

Federal Rule of Civil Procedure 41(b) for failure to comply with

court orders); *see also Tower Ventures, Inc.,* 296 F.3d at 46

(explaining that "dismissal with prejudice. . . .  is strong

medicine, not casually to be dispensed" as a sanction for

violating case management orders under Rule 16(f)).  Nonetheless,

"a court may, in appropriate circumstances, dismiss a case with

prejudice for violation of a judicial order without consideration

of lesser sanctions." *Tower Ventures, Inc.,* 296 F.3d at 46

(explaining that "disobedience of court orders, in and of itself,

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 12

constitutes extreme misconduct (and, thus, warrants dismissal)");
*see also Hicks v. Feeney,* 850 F.2d 152 (3d Cir. 1988) ("The court
clearly has the power to dismiss the case as a sanction against a
party who fails to obey an order regarding discovery.").

Here, the Defendants argue that Unlimited's claims against
them should be dismissed with prejudice as a sanction for
Unlimited's alleged failure to obey the discovery deadlines set
forth in the Court's June 26, 2008, Scheduling Order. They
contend that Unlimited violated the Scheduling Order by refusing
to cooperate with the Defendants in conducting a Rule 30(b)(6)
deposition before the expiration of the August 18, 2008, fact
discovery deadline.

A review of the record in this matter shows that the parties
were unable to agree upon a date within the fact discovery period
on which to schedule the Rule 30(b)(6) deposition of Unlimited.
On July 31, 2008, the Defendants filed a notice unilaterally
scheduling the Rule 30(b)(6) deposition for August 15, 2008. On
August 5, 2008, Unlimited notified the Defendants that its Rule
30(b)(6) designee would be unavailable to conduct the deposition
on August 15, 2008. Unlimited further indicated that its
attorney "simply d[id] not have availability to present this
witness before the close of discovery." (Email of Ryan W. Greene,
Esq. to Paul B. Feltman, Esq., Aug. 5, 2008, Ex. # 10 to

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 13

Defendants' Mot. for Sanctions.)  On August 14, 2008, Unlimited
filed an emergency motion for a protective order.  The motion
stated that Unlimited would be unable to conduct the Rule
30(b)(6) deposition on August 15, 2008, and that it would
generally be unable to comply with the discovery deadlines
imposed by the Scheduling Order.  Unlimited's Rule 30(b)(6)
designee was not present at the August 15, 2008, deposition.
Ultimately, the parties failed to conduct the Rule 30(b)(6)
deposition before the expiration of the August 18, 2008,
deadline.

The Court is troubled by Unlimited's approach.  In the
absence of a protective order, Unlimited was obligated to attend
the deposition on August 15, 2008. *See Hepperle v. Johnston,* 590
F.2d 609, 613 (5th Cir. 1979) ("The court's inaction on
appellant's motion [for a protective order] did not relieve him
of the duty to appear for his deposition."); *Hare v. Gov't.*
*Employees Ins. Co.,* 132 F.R.D. 448, 450 (E.D. Tex. 1990) ("A
deponent who realizes he cannot appear at a scheduled deposition
bears the burden under Rule 30 of the Federal Rules to get an
order postponing the deposition.  In the absence of such an
order, the duty to appear remains.").

Unlimited apparently takes the view that it may conduct
discovery in this matter at its own pace, without regard to the

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 14

deadlines imposed by the Scheduling Order.  That view ignores the Court's independent interest in administering its docket. *See United States v. Wecht,* 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *Yakowicz v. Pennsylvania,* 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"); *Titus v. Mercedes Benz of N. Am.,* 695 F.2d 746, 751 (3d Cir. 1982) ("[B]road discretion should be accorded district courts in the management of their calendars.").  Indeed, the Court's broad discretion to issue sanctions for violations of scheduling orders serves to "facilitate[] the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

While Unlimited's approach is of concern to the Court, this case does not involve the sort of extreme circumstances or willful violations of court orders that warrant the sanction of dismissal with prejudice. *See, e.g., DiFrancesco v. Aramark Corp*., 169 Fed. Appx. 127, 131 (3d Cir. March 1, 2006) (holding that dismissal was not warranted as sanction for the plaintiff's failure to comply with scheduling order where there was no

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 15

showing that the plaintiff caused any other delays, and the delay was not willful or the result of bad faith) (unpublished); *John v. State of La.*, 828 F.2d 1129, 1131-33 (5th Cir. 1987) (finding that dismissal with prejudice was an inappropriate sanction for the plaintiff's tardy response to a discovery request, late submission of pretrial order, and failure to make timely filings); *Cf. Orama v. Boyko,* 243 Fed. Appx. 741, 743, 2007 WL 2220452, 2 (3d Cir. Aug. 3, 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective") (unpublished); *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) (holding that dismissal with prejudice was warranted as a sanction for the plaintiff's violation of the court's scheduling orders, even if the defendants were not prejudiced by noncompliance, because the plaintiff repeatedly missed court-imposed deadlines without sufficient explanation).

Accordingly, the Defendants motion for the sanction of dismissal will be denied.

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 16

**B.    Modification of the June 26, 2008, Scheduling Order**

The Defendants next object to the portion of the Magistrate Judge's Order granting Unlimited's motion to extend the deadlines for fact discovery and expert witness depositions beyond the deadlines previously imposed by the Scheduling Order.  They claim that the Order runs afoul of Federal Rule of Civil Procedure 16(b)(4).

Pursuant to Rule 16(b)(4), "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The rationale for the "good cause" requirement for modification of a court's scheduling order is that "scheduling orders are at the heart of case management.  If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986); *see also Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir. 1988) ("[Such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.  The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved.") *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 17

While the Magistrate Judge's Order granted Unlimited's request to modify certain discovery deadlines imposed by the Scheduling Order, there is no record of whether the Magistrate Judge properly applied the "good cause" standard in modifying the Scheduling Order, as required by Rule 16(b). *See, e.g., Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (holding that the district court erred by failing to apply Rule 16(b)'s "good cause" standard when ruling upon a motion to modify a scheduling order)).  Accordingly, the Court will vacate the portion of the October 1, 2008, Order granting Unlimited's motion to extend the deadlines for factual discovery and expert witness depositions.

The Court will conduct a *de novo* review of the motion to determine whether "good cause" exists to modify the Scheduling Order. *See, e.g., Sherman*, 532 F.3d at 716 (reviewing *de novo* whether "good cause" existed to modify a scheduling order after finding that such inquiry was not undertaken in the court below); *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (explaining that a district court's review of magistrate's disposition of non-dispositive issue is plenary as to matters of law).

To establish "good cause" under Rule 16(b)(4), "the moving party must demonstrate that a more diligent pursuit of discovery

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 18

was impossible.  In addition, courts consider whether granting

the extension would prejudice the non-moving party." *Crossley v.*

*Elliot*, 2008 WL 2944667 at *1 (D.V.I. 2008) (internal quotation

omitted).  "Within a specific case, what constitutes good cause

[under Rule 16(b)(4)] changes as the litigation progresses." *In*

*re Tutu Water Wells Contamination Litigation,* 1995 WL 841940 at

*1 (D.V.I. Nov. 22,  1995) (unpublished).

In support of its motion to extend the discovery deadlines,

Unlimited asserts that the pretrial discovery schedule imposed by

the Court is unreasonable.  Unlimited claims that defendant Camm

s.r.l. ("Camm") (which must be served pursuant to the Hague

Convention and International Law) has not yet been served,

although the process of serving Camm was started in January,

2008.  Unlimited further states that it waited until July 16,

2008, when this Court ruled upon the Defendants' motion to strike

Unlimited's second amended complaint, before it began conducting

discovery on new issues.  Finally, Unlimited contends that it

still needs to conduct between fifteen and twenty depositions in

this matter.  Unlimited states that its attorney "has been

unavailable within the current fact discovery deadline to depose

Bertram's representative as well as a number of fact witnesses

and others that will need to be deposed to ready this matter for

trial." (Opp'n to Mot. to Extend Discovery Deadlines 3-4.)

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 19

Unlimited proposes a modified scheduling order, which would provide, *inter alia*: a November 15, 2008, deadline for completing fact discovery; a March 15, 2009, deadline for completing expert depositions; and a November 15, 2009, deadline for filing dispositive motions.

The Court is unpersuaded by Unlimited's contentions.  While Unlimited complains that Camm has not yet been served, it does not explain why it failed to initiate the process of service on Camm until January, 2008, in light of the fact that Camm was added as a defendant on August 7, 2007.  Additionally, though Unlimited elected to wait to conduct discovery of new matters until the Court ruled on the Defendants' motion to strike the second amended complaint, discovery in this matter was not stayed during the pendency of that motion.  Finally, despite Unlimited's repeated assertions that it is unable to conduct the depositions it requires for trial within the deadline to do so, it offer no explanation for delaying those depositions until this late date. Indeed, the depositions that remain to be taken include the 30(b)(6) depositions of the Defendants, who have been named in this matter since its inception over three years ago.

After reviewing the record *de novo,* the Court finds that Unlimited has failed to demonstrate that a more diligent pursuit of discovery in this matter would have been impossible.  The

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 20

Court further finds that the extensions sought by Unlimited would prejudice the Defendants' efforts to adjudicate this matter in an orderly and prompt manner.  The extensions would also disrupt, without any "good cause," the semblance of order that the Court sought to establish with its Scheduling Order.

Indeed, Unlimited's cavalier attitude toward its discovery obligations with respect to depositions does not help its cause. Rather, it suggests that Unlimited subscribes to the belief that this Court's orders are mere suggestions.  Such a view assigns to this Court the role of waiting for the unilateral scheduling decree of a party – here, Unlimited.  The Court finds no legal support for that arrangement.

In sum, Unlimited has failed to establish "good cause" for extending the deadlines imposed by this Court's June 26, 2008, Scheduling Order. *See, e.g., Eichorn v. AT&T Corp.*, 484 F.3d 644 (3d Cir. 2007) (affirming the district court's finding that "good cause" did not support modification of a scheduling order); *Eastern Minerals & Chemicals Co. v. Mahan,* 225 F.3d 330 (3d Cir. 2000) (holding that the district court did not abuse its discretion in concluding that the plaintiff failed to show "good cause" to modify a scheduling order under Rule 16(b)(4)); *Crossley v. Elliot*, 2008 WL 2944667 at *1 (D.V.I. 2008) (denying the plaintiff's motion to extend discovery deadlines because the

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Memorandum Opinion
Page 21

plaintiff failed to explain why "there has been no discovery propounded to Defendants, no depositions conducted, and no request for an extension of time, within the five month period between the Scheduling Order and discovery deadline").

Accordingly, the Court will deny Unlimited's motion to modify the June 26, 2008, Scheduling Order.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate the Magistrate Judge's October 1, 2008, Order.  Based on its own *de novo* review of the matter, the Court will deny the Defendants' motion for sanctions.  The Court will also deny Unlimited's motion to extend the deadlines imposed by the June 26, 2008, Scheduling Order.[6]  An appropriate Order follows.

S\_____
    **Curtis V. Gómez**
    **Chief Judge**

---

[6]  In light of the Court's denial of Unlimited's motion to modify the June 26, 2008, Scheduling Order, the Court finds it unnecessary to address the Defendants' motion for a protective order as to depositions that fall outside the fact discovery deadline set by that Scheduling Order.

FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
                                )
UNLIMITED HOLDINGS, INC.        )
                                )
            Plaintiff,          )
                                )      Civil No. 2005-46
                                )
v.                              )
                                )
BERTRAM YACHT, INC., FERETTI    )
GROUP USA, INC., and CCP,       )
INC., d/b/a COOK COMPOSITES     )
POLYMERS,                       )
                                )
            Defendants.         )
_____ )
```

ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
      *For the plaintiff,*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
      *For the plaintiff,*

**John H. Benham, Esq.**
St. Thomas, U.S.V.I.
      *For defendants, Bertram Yachts, Inc., Ferretti Group USA,
      Inc., and Ferretti S.p.A., Inc.,*

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
      *For defendant CPP, Inc., d/b/a/ Cook Composites Polymers.*

<u>ORDER</u>

**GÓMEZ, C.J.**

      Defendants Bertram Yacht, Inc. ("Bertram") and Ferretti

Group USA, Inc. ("Ferretti USA") (together, the "Defendants")

*Unlimited Holdings, Inc. v. Bertram Yacht, Inc., et al.*
Civil No. 2005-46
Order
Page 2

have filed objections to the Magistrate Judge's October 1, 2008,

Order denying their motions for sanctions and for a protective

order and granting the motion of the plaintiff Unlimited

Holdings, Inc. ("Unlimited") to extend certain discovery

deadlines.  For the reasons stated in the accompanying Memorandum

Opinion of even date, it is hereby

    **ORDERED** that the October 1, 2008, Order is **VACATED;** it is

further

    **ORDERED** that, pursuant to this Court's *de novo* review of the

record, the Defendants' August 26, 2008, motion for sanctions is

**DENIED;** and it is further

    **ORDERED** that Unlimited's August 14, 2008, motion to extend

the deadlines imposed by this Court's June 26, 2008 Scheduling

Order is **DENIED.**


                            S\_____

                                **Curtis V. Gómez**
                                **Chief Judge**